## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **J. PATRICK LYONS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-00870 (RMC)** |
| | ) | |
| **BART GORDON, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM OPINION

J. Patrick Lyons ran for Congress in the Sixth Congressional District of Tennessee in 2004. Mr. Lyons, an Independent, ran against incumbent Democrat Bart Gordon, Republican challenger Nick Demas, and Independent challenger Norman R. Saliba. Representative Gordon easily won re-election and Mr. Lyons came in a distant third. On December 28, 2004, Mr. Lyons filed a notice of contest with the Clerk of the House of Representatives pursuant to the Federal Contested Elections Act ("FECA"), 2 U.S.C. §§ 381-96 (1996). His election contest was dismissed by the House of Representatives on April 27, 2005. Proceeding *pro se*, Mr. Lyons now brings his concerns to federal court. He filed this lawsuit on May 3, 2005, and asks the Court to displace Representative Gordon and seat Mr. Lyons as the Congressman from Tennessee's Sixth District. The Court is without jurisdiction to entertain Mr. Lyons's suit and will therefore dismiss it with prejudice.

### I. BACKGROUND

A congressional election was conducted in Tennessee's Sixth District (and elsewhere)

on November 2, 2004.  The Tennessee Secretary of State certified the results: Representative Gordon

received 167,448 votes, Mr. Demas received 87,523 votes, Mr. Lyons received 3,869 votes, and Mr.

Saliba received 1,802 votes.  *See* Defendants' Motion to Dismiss ("Defs.' Mot."), Ex. A (April 27,

2005 Report of the Committee on House Administration, H.R. Rep. No. 108-208 (2003) ("House

Report")) at 2.

When he challenged the election, Mr. Lyons did not allege that fraud or irregularities

infected the election results and did not challenge the accuracy of the vote totals.  *Id.*  Instead, he

filed a Notice of Contest "premise[d] . . . on a convoluted argument that an incumbent member of

Congress is required by the Constitution – specifically, Article I, section 6, clause 2[1] and section 1

of the 20th Amendment[2] – [to] resign his or her seat prior to seeking re-election to that seat."  *Id.*

Because Representative Gordon had not resigned prior to the election, Mr. Lyons alleged that he was

ineligible to run.  As the only eligible candidate who contested the election, Mr. Lyons asserted that

he should be seated in Representative Gordon's place.  *Id.*  Further, Mr. Lyons argued that

Representative Gordon, who remains an inactive member of the State Bar of Tennessee, is thereby

a "judicial officer" who cannot at the same time serve in the House.  *Id.* at 3.  This conduct was

---

[1] "No Senator or Representative shall, during the Time for which he was elected be appointed to any civil Office under the Authority of the United States, which shall have been created, or the Emoluments whereof shall have been increased during such time; and no Person holding any Office under the United States, shall be a Member of either House during his Continuance in Office."  U.S. Const. amend. XX, § 6.

[2] "The terms of the President and Vice President shall end at noon on the 20th day of January, and the terms of Senators and Representatives at noon on the 3d day of January . . . ; and the terms of their successors shall then begin." U.S. Const., amend. XX, § 1.

alleged to have violated Representative Gordon's duty to support the Constitution.[3]  Accordingly,

Mr. Lyons asserted that Representative Gordon was constitutionally barred from holding federal

office because his conduct constituted insurrection or rebellion against the United States in violation

of section 4 of the 14th Amendment.[4]

These same arguments underlie the instant complaint.  In addition to Representative

Gordon, Mr. Lyons has named two Members of the House of Representatives – Robert W. Ney,

Chairman of the Committee on House Administration, and Juanita Millender-McDonald, Ranking

Member – and a staff member of the Committee, Mathew S. Petersen, counsel, as Defendants.

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden

of proving by a preponderance of the evidence that the Court possesses jurisdiction over his claims.

*See Fitts v. Federal Nat. Mortg. Ass'n,* 44 F. Supp. 2d 317, 320 (D.D.C. 1999), *aff'd,* 236 F.3d 1

(D.C. Cir. 2001); *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002).  In reviewing

a motion to dismiss under Rule 12(b)(1), the Court must accept the allegations in the complaint as

true and draw all reasonable inferences in the plaintiff's favor.  These allegations, however, "'will

bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure

to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14

---

[3]  *See* U.S. Const. art. VI, cl. 3 ("The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution . . . .").

[4]  "No person shall be a Senator or Representative in Congress, . . . who, having previously taken an oath, as a member of Congress, . . . to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same . . . ."  U.S. Const. amend. XIV, § 4.

(D.D.C. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure 2d, § 1350). The Court may consider information outside of the pleadings to determine its jurisdiction. *See Lipsman v. Sec'y of Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

For the court to grant a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must "appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The threshold inquiry in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984). Just as with a motion to dismiss pursuant to Rule 12(b)(1), "the court must accept as true all [of the plaintiff's] well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff[]." *Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336-37 (D.D.C. 1999). Although the court must construe the complaint in the light most favorable to the non-moving party, it "need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276. In addition, the court need not accept the plaintiff's legal conclusions as true. *See Alexis*, 44 F. Supp. 2d at 337.

## III. ANALYSIS

Mr. Lyons's complaint must be dismissed because this Court lacks subject matter jurisdiction over his claims. The United States House of Representatives has exclusive jurisdiction over contested elections under a specific constitutional provision. *See* U.S. Const. art. I, § 5, cl. 1. The Constitution explicitly states that "[e]ach House shall be the Judge of the Elections, Returns and

Qualifications of its own Members." *Id.*  This authority within the two houses of the legislative branch is judicially unreviewable. *Barry v. United States ex. rel. Cunningham*, 279 U.S. 597, 613 (1929) (The House and Senate enjoy "the power to judge of the elections, returns, and qualifications of its own members . . . .  Exercise of the power necessarily involves . . . [the power] to render a judgement [sic] which is beyond the authority of any tribunal to review."); *see also Roudebush v. Hartke*, 405 U.S. 15, 19 (1972) ("Which candidate is entitled to be seated in the Senate is, to be sure, a nonjusticiable political question – a question that would not have been the business of this Court even before the Senate acted."); *Reed v. County Commissioners*, 277 U.S. 376, 388 (1928) ("[The Senate] is fully empowered, and may determine such matters without the aid of the House of Representatives or the executive or judicial department."); *Morgan v. United States*, 801 F.2d 445 (D.C. Cir. 1986) (holding that the elections clause of the Constitution precluded judicial review of the substance or procedure of the House of Representative's determination that a contestant in a disputed election was lawfully elected to the House).

Mr. Lyons is clearly disputing the election result and challenges Representative Gordon's qualifications for membership in the House of Representatives.  *See* Compl. at 2.  The Constitution is clear: only the House of Representatives can address his challenge – and it has.  The House Report recommended dismissing Mr. Lyons's contest and the House of Representatives ultimately voted to do so.  *See* H.R. Res. 318, 108th Cong. (2003).

It is true, as Mr. Lyons notes repeatedly in his filings, that the House Report stated that, "as a general matter, challenges to the qualifications of a member-elect to serve in the Congress fall outside the purview of the FCEA, which was designed to consider allegations relating to the actual conduct of an election."  Defs.' Mot., Ex. A (House Report) at 4.  Having been told by the

courts to go the Congress,[5] he now says that he has been told by Congress that his challenge to Representative Gordon's qualifications is not covered by the FCEA.  Whether or not the FCEA provides the avenue for a citizen to challenge an elected Representative's credentials, it is clear that the Constitution places the responsibility for determining the qualifications of all Representatives in the House of Representatives and not in the courts.

It is not clear that the FCEA is limited in the way interpreted by Mr. Lyons.  At 2 U.S.C. § 382(a), the statute requires a losing candidate who "claim[s] a right to such office," to file a notice of contest within 30 days of the certification of the election results.  The notice "shall state with particularity the grounds upon which [the] contestant contests the election," but otherwise, the statute imposes no limit on the nature of the contest that might be advanced.  2 U.S.C. § 382(b).  Obviously, the House has in fact ruled in the past on the qualifications of elected persons who have not yet been seated.  *See* Defs. Mot., Ex. A (House Report) at 3 n. 9 ("According to House precedent, if a Member-elect is found to be disqualified, a losing congressional candidate is not entitled to the seat.").  However much the House may not need to rule on Members' qualifications "as a general matter," non-frivolous challenges appear to receive full attention and consideration.  *Id.*  That is not the case with Mr. Lyons's legally frivolous notice of contest.

The House of Representatives has exclusive authority to determine all election contests, and its decisions – whether on the substance of a contest or the procedures by which the House addresses and resolves the contest – are not subject to court review.  *See Morgan*, 801 F.2d

---

[5]  Mr. Lyons brought the same claims concerning the 2002 election to the federal courts in Tennessee, which found that only the House of Representatives could determine the qualifications of its Members.  *See* Defs.' Mot., Ex. B (Complaint filed in *Lyons v. Thompson*, No. 3:02-1004 (M.D. Tenn. May 30, 2003)).  Defendants cite this earlier litigation as precluding further litigation on the jurisdictional point by Mr. Lyons.

at 447.  Since the Court is without jurisdiction, it must dismiss Mr. Lyons's case.

## IV. CONCLUSION

The Constitution places exclusive authority to determine the qualifications of Members of Congress in the House of Representatives. The Court has no jurisdiction over this lawsuit.  The only venue in which Mr. Lyons can challenge the qualifications of Representative Gordon is the House of Representatives.   Indeed, this Court could not order the House of Representatives to displace Representative Gordon and seat Mr. Lyons in his stead.

Accordingly, this case will be dismissed.  All pending motions will be denied as moot.[6]  A memorializing order accompanies this memorandum opinion.

_____

[6] These include Mr. Lyons's Motion to Report Pursuant to 18 U.S.C. § 4 [Misprison of Felony] [Dkt. No. 6], Motion for Summary Judgment Pursuant to Fed. R. Civ. P. Rule 56 and LCvR7(h) [Dkt. No. 7], Motion in Opposition to the 11 July 2005 Motion Titled "Praecipe" Filed by Assistant United States Attorney Jane M. Lyons as Counsel for Defendant Bart Gordon [Dkt. No. 10], Motion for Sanction Pursuant to Rule 11 Signing of Pleadings, Motions and Other Papers [Dkt. No. 14], Motion "To the Court" Reporting Alleged Treason to the Constitution of the United States [Dkt. No. 15], Motion in Rebuttal to Defendants' Motion to Dismiss [Dkt. No. 16], Motion "to Put Court" on Notice of Defendants' Incompetent Evidence [Dkt. No. 19], Motion in Support of Rebuttal to Defendants Opposition to Plaintiff's Motion for Sanctions [Dkt. No. 21], Motion *Praxis Judicum Est Interpres Legum* [Dkt. No. 25], Motion Pursuant to Fed. R. Civil P., Rule 57 [sic] [Dkt. No. 28], and Motion for Sanctions Against Jane M. Lyons [Dkt. No. 32].

In addition, Mr. Lyons filed a motion for the appointment of a three-judge court [Dkt. No. 2], which the Court will also deny.  Three-judge panels are authorized in cases challenging apportionment and in other cases where a statute makes a specific authorization. *See* 28 U.S.C. § 2284 ("A district court of three judges shall be convened when otherwise required by an Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.").  Mr. Lyons relies on 28 U.S.C. § 2282 which, until 1976, provided for a three-judge district court panel before an injunction restraining "the enforcement, operation or execution of any Act of Congress on grounds of unconstitutionality" could be issued.  However, this provision was repealed in 1976.  *See* 28 U.S.C. § 2282 (2005).  Mr. Lyons has no constitutional right to a three-judge panel except as provided by statute.  No such statute applies to his claims here.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: February 1, 2006.